**SO ORDERED.**

**SIGNED this 14 day of January, 2014.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| **TODD PERRY PUTNAM,** | **10-09651-8-SWH** |
| DEBTOR | |

_____

| | |
|---|---|
| **TODD PERRY PUTNAM** | |
| | **ADVERSARY PROCEEDING NO.** |
| Plaintiff | |
| v. | **12-00273-8-SWH** |
| **INTERNAL REVENUE SERVICE** | |
| Defendant. | |

**ORDER GRANTING THE INTERNAL REVENUE
SERVICES' MOTION FOR SUMMARY JUDGMENT**

The matters before the court in this adversary proceeding are the cross-motions for summary judgment filed by Todd Perry Putnam (the "debtor") and the Internal Revenue Service ("IRS"). The debtor initiated this adversary proceeding on October 29, 2012, seeking a determination of whether his tax liability for the years 1998, 1999, 2000 and 2001 was extinguished by the discharge he received from this court on July 11, 2011. The IRS claims that the debtor's tax liability for these

years is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(B)(ii). Both parties moved for summary judgment. A hearing was held in Raleigh, North Carolina, on November 13, 2013.

## FACTUAL BACKGROUND

The parties are in agreement as to the facts. The debtor has filed three bankruptcy petitions, all under chapter 13 of the Bankruptcy Code. The debtor filed his first petition on May 3, 2004. (E.D.N.C. No. 04-01640-5-ATS) ("Case #1"). The IRS was listed in the debtor's Schedule "E" as a creditor holding an unsecured priority claim in an unknown amount. The debtor's chapter 13 plan in Case # 1 was confirmed on July 27, 2004. On August 26, 2004, the debtor filed his tax returns for the years 1998, 1999, 2000 and 2001 (respectively, the "Tax Returns" and "Tax Years"). The IRS assessed the debtor's liability for the Tax Years during September and November of 2004. This first case was dismissed on March 2, 2005, without the debtor receiving a discharge.

On June 1, 2006, approximately one year and nine months after the debtor filed the Tax Returns and one year and three months after the dismissal of his first case, the debtor filed his second bankruptcy petition. (E.D.N.C. No. 06-00801-5-SWH) (Case # 2). The IRS asserted an unsecured priority claim in the amount of $16,039.43 (Trustee's Claim No. 13) and an unsecured general claim in the amount of $70,456.24 (Trustee's Claim No. 27) in Case # 2. The IRS's priority claim was paid in full through the plan and it received $557.05 through the plan for its unsecured general claim. The debtor received a discharge in Case # 2 on September 9, 2010, and Case # 2 was closed on the same date. Both parties agree that the September 9, 2010, discharge did not discharge the debtor's liability for the Tax Years.

On November 23, 2010, approximately two and a half months after Case # 2 was closed, the debtor filed his third bankruptcy petition. (E.D.N.C. No. 10-9651-8-SWH) (Case # 3). The IRS

2

filed a proof of claim in Case # 3 in the amount of $55,287.63, of which, $54,004.80 was an unsecured general claim attributable to the debtor's liability for the Tax Years. The IRS was paid $2,383.13 through the plan on its unsecured general claim. The debtor received a discharge in Case # 3 on July 11, 2011.

The issue before the court is whether debtor's tax liability for the Tax Years, resulting from the Tax Returns filed in August of 2004, was extinguished by the discharge the debtor received in Case # 3 on July 11, 2011. The IRS claims that the debt is not discharged because, pursuant to § 523(a)(1)(B)(ii), debt from a late-filed tax return is nondischargeable if the untimely return was filed within the two years preceding a bankruptcy petition, and, although the debtor filed Case # 3 on November 23, 2010, and the Tax Returns were filed on August 26, 2004, the two-year lookback period of § 523(a)(1)(B)(ii) was equitably tolled during the pendency of the bankruptcy cases. The IRS claims that because of the debtor's sequential bankruptcy cases, during which it was prevented from collecting on the debt, there was not a full two-year period prior to the filing of Case # 3 where it was free to collect on the debt. Therefore, it argues, the debtor should not be entitled to enjoy the protection of § 523(a)(1)(B)(ii).

The debtor argues that the plain language of § 523(a)(1)(B)(ii) does not contain any tolling language and that when the date of the filing of Case # 3 is viewed against the filing date of the Tax Returns, the two-year lookback period is satisfied, i.e., August 26, 2004, is more than two years prior to November 23, 2010. Additionally, the debtor argues that § 523(a)(1)(B)(ii) is not subject to equitable tolling because the two-year rule is not a limitations period, and further that changes under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") indicate an intent on the part of Congress to exempt the two-year period of § 523(a)(1)(B)(ii) from tolling.

3

**DISCUSSION**

Section 523(a) of the Bankruptcy Code governs the dischargeability of certain individual debts, including, under § 523(a)(1), certain tax debts. 11 U.S.C. § 523(a)(1). Section 523(a)(1)(B) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328 (b) of this title does not discharge an individual debtor from any debt—
> (1) for a tax or a customs duty . . .
> (B) with respect to which a return . . . if required —
> (i) was not filed or given; or
> (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . . .

11 U.S.C. § 523(a)(1)(B). Under this section, if a debtor never files a tax return for a given year, and one was required, the tax liability for that year is nondischargeable. 11 U.S.C. § 523(a)(1)(B)(i). Also, under this section, if a debtor files an untimely return within the two years preceding a bankruptcy petition, the debt associated with the untimely return is nondischargeable. 11 U.S.C. § 523(a)(1)(B)(ii). This so-called "two-year rule" excepts from discharge debt from late-filed tax returns regardless of when they were due, if the returns were filed within the two years preceding a bankruptcy petition. 11 U.S.C. § 523(a)(1)(B)(ii).

The IRS argues that this two-year period is suspended during the pendency of a bankruptcy proceeding because the automatic stay prevents it from collecting on the debt during that period. Therefore, it contends that the sequential chapter 13 filings resulted in less than two years of time during which it could have collected its debt. Although there is some dispute regarding whether the IRS was in fact prevented from collecting taxes during Case # 1, even if the two-year lookback period of § 523(a)(1)(B)(ii) is only tolled during Case # 2, the applicable period had not expired at

4

the time of the filing of Case # 3.[1]  Further, there is no dispute that the debtor was required to file tax returns for the years 1998, 1999, 2000 and 2001 and that they were untimely filed on August 26, 2004. Therefore, the only issue before the court is whether the two-year lookback period of § 523(a)(1)(B)(ii) is tolled during the pendency of a bankruptcy proceeding.

The IRS asserts that the two-year lookback period of § 523(a)(1)(B)(ii) should be tolled based on the traditional principles of equitable tolling as recognized by the United States Supreme Court in Young v. United States, 535 U.S. 43 (2002).  The IRS claims that the two-year lookback period is subject to equitable tolling because it is a limitations period, and that the reasoning in Young can be applied to the two-year rule of § 523(a)(1)(B)(ii).

---

[1]Assuming, arguendo, that the IRS was *not* prevented by the automatic stay of Case # 1 from attempting to collect on the debt, because the debt was a post-confirmation one, the two-year period of § 523(a)(1)(B)(ii) began to run on August 26, 2004, the date the Tax Returns were filed.  See Cal. Franchise Tax Bd. v. Kendall (In re Jones), 657 F.3d 921 (9th Cir. 2011) (holding that taxing entity with a claim that arose post-confirmation was not prevented by the automatic stay of prior bankruptcy proceeding from attempting to collect on the debt because property of the estate is revested in the debtor upon confirmation of a plan and 11 U.S.C. § 362 (a)(3)-(4) only prevents post-petition creditors from collecting from property of the estate, *not* property of the debtor).  Between August 26, 2004, and the petition date of Case # 2 (June 1, 2006), six hundred and forty-three (643) days elapsed.  As a creditor with a pre-petition debt in Case # 2, the IRS was prevented by the automatic stay in Case # 2 from collecting on the debt.  11. U.S.C. 362(a)(6).  The automatic stay of § 362(a) in Case # 2 ceased to exist on September 9, 2010, the date Case # 2 was closed. 11 U.S.C. 362(c)(2)(A).   Between September 9, 2010, and the petition date of Case # 3 (November 23, 2010), seventy-four (74) days elapsed.  The addition of seventy-four days to six hundred and forty-three days produces seven hundred and seventeen days, less than two years.

The other alternative, that the IRS *was* prevented by the automatic stay of Case # 1 from collecting on the debt, would mean that the two-year period of § 523(a)(1)(B)(ii) began to run on March 2, 2005, when Case # 1 was dismissed.  11 U.S.C. § 362(c)(2)(B).  Between March 2, 2005, and the petition date of Case # 2 (June 1, 2006), four hundred and fifty-five (455) days elapsed.  The addition of seventy-four days (days between Case #2 and Case # 3) to four hundred and fifty-five days produces five hundred and twenty-nine days, less than two years.

5

The debtor counters these arguments by claiming that the two-year period of § 523(a)(1)(B)(ii) is not subject to equitable tolling, for two reasons: first, the debtor claims that § 523(a)(1)(B)(ii) is not a limitations period and thus is not subject to equitably tolling; and second, Congress' changes to the Bankruptcy Code under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") showed an intent to not extend tolling to § 523(a)(1)(B)(ii).

In assessing this issue, it is helpful to review other lookback periods found in the Bankruptcy Code. Under § 523(a)(1)(A), a debt for a tax "of the kind and for the periods specified in section . . . 507(a)(8) of this title" is nondischargeable. 11 U.S.C. § 523(a)(1)(A). Such debts under § 507(a)(8) include income tax claims "for a taxable year ending on or before the date of the filing of the petition – (i) for which a return, if required, is last due, including extensions, after three years before the date of filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i). Under these sections of the Bankruptcy Code, liability for an income tax return that was due within the three years preceding a bankruptcy petition is nondischargeable. Therefore, collectively, § 523(a)(1) the Bankruptcy Code excepts from discharge tax liability for returns that were never filed; untimely returns that were *filed* within the two years preceding a bankruptcy petition (the "two-year rule"); and liability for returns that were *due* within the three years preceding a bankruptcy petition (the "three-year rule"). 11 U.S.C. § 523(a)(1). Several cases have addressed whether the lookback periods contained in the statute are tolled during the pendency of a bankruptcy petition.

Several decisions have held that the two-year lookback period of § 523(a)(1)(B)(ii) is tolled during periods of a bankruptcy case when the IRS is prevented by the automatic stay from collecting on the debt. See Hollowell v. IRS (In re Hollowell), 222 B.R. 790 (Bankr. N.D. Miss. 1998); Tibaldo v. United States (In re Tibaldo), 187 B.R. 673 (Bankr. C.D. Cal. 1995); Teeslink v. United

States, Dep't of the Treasury, IRS (In re Teeslink), 165 B.R. 708 (Bankr. S.D. Ga. 1994); In re Stoll, 132 B.R. 782 (Bankr. N.D. Ga. 1990). The holdings in some of these cases are based upon § 108(c) of the Bankruptcy Code, which extends the period to commence a civil action against a debtor if applicable *nonbankruptcy* law fixes a period for the commencement of such an action and such period has not expired before the date of the petition. 11 U.S.C. § 108(c). See Tibaldo, 187 B.R. at 674-75; Teeslink, 165 B.R. 711-13; In re Stoll, 132 B.R. 784-86. Under § 6501 of the Tax Code, for example, the IRS is given, generally, three years after a return is filed to assess liability, and pursuant to § 6502, ten years after assessment to collect on the debt. 26 U.S.C. §§ 6501-6502. The ability to extend these periods during the pendency of a bankruptcy proceeding, pursuant to § 108(c) of the Bankruptcy Code, is further supported by 26 U.S.C. § 6503, which provides:

> (b) Assets of taxpayer in control or custody of court. – The period of limitations on collection after assessment prescribed in section 6502 shall be suspended for the period the assets of the taxpayer are in the control or custody of the court in any proceeding before any court of the United States . . . and for 6 months thereafter. . . .
>
> (h) Cases under Title 11 of the United States Code – The running of the period of limitations provided in section 6501 or 6502 on the making of assessments or collection shall, in a case under Title 11 of the United States Code, be suspended for the period during which the Secretary is prohibited by reason of such case from making the assessment or from collecting . . .

26 U.S.C. § 6503. The courts reaching these decisions recognized that they were not invoking § 108(c) of the Bankruptcy Code to extend the limitations period found in §§ 6501-6502 of the Tax Code, but were instead invoking § 108(c) to extend the limitations period of *another* provision of the Bankruptcy Code, i.e., the two-year lookback period of § 523(a)(1)(B)(ii). See Tibaldo, 187 B.R. at 675; Teeslink, 165 B.R. at 712; In re Stoll, 132 B.R. at 785. These decisions rationalized that the combination of § 108(c) of the Bankruptcy Code and § 6503 of the Tax Code showed an

intent on the part of Congress to not "allow a taxpayer to escape liability by protecting his assets in a bankruptcy proceeding until the statute of limitations expired." Teeslink, 165 B.R. at 712. See also Tibaldo, 187 B.R. at 675 ("[A]pplication of § 6503 through § 108(c) to § 523(a)(1)(B)(ii) is essential to prevent a taxpayer from improperly shielding assets from tax liability."); In re Stoll, 132 B.R. at 785 ("[S]trict reading of § 108(c) defeats the purpose of that statute and of § 6503 of the Tax Code."). The ability to extend the statute of limitations on the collection of tax debt during the pendency of a bankruptcy case, pursuant to § 108(c) of the Bankruptcy Code and § 6503 of the Tax Code, would be rendered useless if the two-year lookback period of § 523(a)(1)(B)(ii) was not also tolled during this same time period. See Brickley v. United States (In re Brickley), 70 B.R. 113, 115 (B.A.P. 9th Cir. 1986) ("To follow the Debtors' argument would render the extension of the statute of limitations in Section 108(c) without meaning, since tax collectibility is obviously useless if the tax debt has been discharged.").

In Hollowell v. IRS (In re Hollowell), 222 B.R. 790 (Bankr. N.D. Miss. 1998), the two- year lookback period of § 523(a)(1)(B)(ii) was tolled during the pendency of a bankruptcy proceeding under § 105(a) of the Bankruptcy Code, based on equitable considerations. Id. at 794. There, the court was concerned about "[t]he calculated manner by which the debtors dismissed their prior case and refiled the present case" in an attempt to avoid their tax liability, and invoked the courts' equitable powers under § 105(a) to toll the two-year period. Id.

Courts addressing the three-year rule have similarly invoked either § 108(c) or § 105(a) of the Bankruptcy Code to toll the lookback period found in § 523(a)(1)(A).[2] The issue of whether this

---

[2] In Hollowell, the Bankruptcy Court for the Norther District of Mississippi compiled a list of decisions that tolled the three-year rule of § 523(a)(1)(A) under § 105(a) or § 108(c) of the Bankruptcy Code:

8

three-year lookback period is tolled during the pendency of a bankruptcy petition was finally addressed by the United Stated Supreme Court in Young v. United States, 535 U.S. 43 (2002). There, the Court applied the principles of *equitable tolling* to toll the three-year lookback period of § 507(a)(8)(a)(I). Id. at 47. The Court in Young held that the three-year lookback period was a limitations period and thus subject to equitable tolling, stating:

> The three-year lookback period is a limitations period subject to traditional principles of equitable tolling. Since nothing in the Bankruptcy Code precludes equitable tolling of the lookback period, we believe the courts below properly excluded from the three-year limitation the period during which the Youngs' Chapter 13 petition was pending.

Id. Thus, in Young, the Supreme Court echoed the same concerns recognized by lower courts in tolling either the two-year period of § 523(a)(1)(B)(ii) or the three-year period of §§ 523(a)(1)(A) and 507(a)(8)(a)(i), stating:

> The terms of the lookback period appear to create a loophole: Since the Code does not prohibit back-to-back Chapter 13 and Chapter 7 filings . . . a debtor can render a tax debt dischargeable by first filing a Chapter 13 petition, then voluntarily dismissing the petition when the lookback period for the debt has lapsed, and finally refiling under Chapter 7. During the pendency of the Chapter 13 petition, the

---

In re Taylor, 81 F.3d 20 (3d Cir. 1996); Montoya v. U.S. (In re Montoya), 965 F.2d 554 (7th Cir. 1992); U.S. v. Richards (In re Richards), 994 F.2d 763 (10th Cir. 1993); In re Waugh, 109 F.3d 489 (8th Cir. 1997); In re McMillan, 204 B.R. 835 (Bankr. M.D. Ga. 1996); In re Darden, 202 B.R. 715 (Bankr. E.D. Va. 1996); In re Cowart, 199 B.R. 799 (Bankr. M.D. Fla. 1996); In re Brickley, 70 B.R. 113 (9th Cir. BAP 1986); In re Grogan, 158 B.R. 197 (Bankr. E.D. Cal. 1993); Molina v. U.S., 99 B.R. 792 (S.D. Ohio 1988); In re Harris, 167 B.R. 680 (Bankr. M.D. Fla. 1994); In re Eysenbach, 183 B.R. 365 (W.D.N.Y. 1995); In re Ramos, 208 B.R. 655 (W.D. Tex. 1996); In re Strickland 194 B.R. 888 (Bankr. D. Idaho 1996); In re Shedd, 190 B.R. 692 (Bankr. M.D. Fla. 1996); In re Sirman, 171 B.R. 403 (Bankr. M.D. Fla. 1994); In re Reed, 165 B.R. 959 (Bankr. N.D. Ga. 1993); In re Rangel, 209 B.R. 744 (Bankr. D. Colo. 1997); In re Zecco, 211 B.R. 109, (Bankr. D. Mass. 1997).

Hollowell, 222 B.R. at 793.

9

>   automatic stay of § 362(a) will prevent the IRS from taking steps to collect the unpaid taxes, and if the Chapter 7 petition is filed after the lookback period has expired, the taxes remaining due will be dischargeable. Petitioners took advantage of this loophole, which, they believe, is permitted by the Bankruptcy Code.
>
>   We disagree. . . .

Young, 535 U.S. at 47 (citations omitted).  The Supreme Court explicitly stated that its holding was not based on any misconduct on the part of the debtors,

>   Tolling is in our view appropriate regardless of petitioners' intentions when filing back-to-back Chapter 13 and Chapter 7 petitions–whether the Chapter 13 petition was filed in good faith or solely to run down the lookback period.  In either case, the IRS was disabled from protecting its claim during the pendency of the Chapter 13 petition, and this period of disability tolled the three-year lookback period . . . .

Id. at 50-51.

Returning to the instant case, the IRS argues that the traditional principles of equitable tolling recognized in Young should be applied to the two-year lookback period of § 523(a)(1)(B)(ii).  The IRS claims that the two-year lookback period is subject to equitable tolling because it is also a limitations period and that the reasoning of the decision in Young is equally applicable to the two-year rule of § 523(a)(1)(B)(ii).

The debtor argues in response that the two-year period of § 523(a)(1)(B)(ii) is not subject to equitable tolling for two reasons.  First, because §523(a)(1)(B)(ii) is not a limitations period; and second, because Congress' changes to the Bankruptcy Code under BAPCPA showed an intent to not extend tolling to § 523(a)(1)(B)(ii).  For the reasons that follow, this court concludes that the IRS's interpretation is correct.

10

**I.      The Two-Year Lookback Period of 11 U.S.C. §523 (a)(1)(B)(ii) is a Limitations Period and Therefore Subject to Equitable Tolling**.

The Supreme Court in Young recognized that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling." Young, 535 U.S. at 49 (internal quotation marks omitted) (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990)). The debtor attempts to rebut the IRS's argument by claiming that the two-year lookback of § 523(a)(1)(B)(ii) is *not* a limitations period, and thus not subject to equitable tolling. The debtor relies on the Fourth Circuit opinion of Tidewater Fin. Co. v. Williams, 498 F.3d 249 (4th Cir. 2007), which he claims establishes the requirements that are necessary to apply equitable tolling to any statutory period, to argue that § 523(a)(1)(B)(ii) is not a statute of limitations.

In Tidewater, the court addressed whether the time period found in the former version of 11 U.S.C. § 727(a)(8) was subject to equitable tolling. Tidewater, 498 F.3d at 254. Under the former § 727(a)(8), a "debtor is not entitled to discharge if he 'has been granted a discharge under [Chapters 7 or 11], in a case commenced within six years before the date of the filing of the petition.'"[3] Id. at 252 (alteration in original) (quoting 11 U.S.C. § 727(a)(8)). There, the court was faced with a debtor who filed a chapter 7 petition on October 29, 1996, and received a discharge in her case approximately two years later. Subsequently, the debtor filed three different chapter 13 petitions, initiated in 1999, 2000 and 2001, all of which were dismissed without the debtor receiving a discharge. On July 6, 2001, between the debtor's second and third chapter 13 petitions, Tidewater Finance Company ("Tidewater") obtained a judgment against the debtor that was never perfected. Tidewater, 498 F.3d at 253. The debtor then filed another chapter 7 case on March 15, 2004, and

---

[3] Under the current version of 11 U.S.C. § 727(a)(8), the six-year time period has been replaced with an eight-year window.

Tidewater Finance Company initiated an adversary proceeding objecting to the discharge of the debt in that second chapter 7 proceeding. Tidewater claimed that the six-year period of § 727(a)(8) was a limitations period and was equitably tolled during all of the debtor's prior chapter 13 filings, even the two that occurred before Tidewater became a creditor. Id.

The court disagreed, holding that the six-year period of § 727(a)(8) was not a limitation period and not subject to equitable tolling. Tidewater, 498 F.3d at 254-57. In so holding, the court emphasized two characteristics that were present in all statutory periods in which courts have applied equitable tolling principles. These characteristics were:

> First, they provide a plaintiff (in the bankruptcy context, a creditor) with a specified period of time within which the plaintiff must act to pursue a claim in order to preserve a remedy. . . . Second, such periods commence when the plaintiff has (or discovers that he has) a "complete and present cause of action."

Id. at 255-56 (citations omitted) (quoting Young, 535 U.S. at 49). The Tidewater court went on to hold that neither of these characteristic was present in the six-year period of § 727(a)(8). Id. at 256.

Although the debtor claims that these characteristics are lacking in the two-year period of § 523(a)(1)(B)(ii), this court disagrees. To the contrary, many of the considerations that led the Supreme Court in Young to determine that the three-year lookback period of §§ 523(a)(1)(A) and 507(a)(8)(a)(i) was a limitations period also are present here. In Young, the Court noted:

> The lookback period is a limitations period because it prescribes a period within which certain rights (namely, priority and nondischargeability in bankruptcy) may be enforced. . . . Old tax claims -- those pertaining to returns due more than three years before the debtor filed the bankruptcy petition -- become dischargeable, so that a bankruptcy decree will relieve the debtor of the obligation to pay. The period thus encourages the IRS to protect its rights -- by, say, collecting the debt . . . or perfecting a tax lien . . . before three years have elapsed. If the IRS sleeps on its rights, its claim loses priority and the debt becomes dischargeable. Thus, as petitioners concede, the lookback period serves the same "basic policies [furthered by] all limitations provisions: repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities."

Young, 535 U.S. at 47 (alteration in original) (citations omitted) (quoting Rotella v. Wood, 528 U.S. 549, 555 (2000)).

The same can be said of the two-year lookback period of § 523(a)(1)(B)(ii). The two-year lookback period provides the IRS with a specified time period within which it must pursue its claim and preserve its rights. Because liability for untimely tax returns will be discharged if the return was filed more than two years before the bankruptcy petition, it encourages the IRS to collect on the debt or perfect its lien before the two-year period expires. If the IRS neglects its claim, the tax debt becomes dischargeable. The noted policies of repose, elimination of stale claims and certainty are all present.

The two-year lookback period also satisfies the requirement identified in Tidewater that the limitations period must commence when the plaintiff has (or discovers that he has) a complete and present cause of action. The limitation period of the two-year rule *commences* when the debtor files an untimely tax return because the debt becomes dischargeable if a petition is filed more the two years after the untimely return *is filed*. 11 U.S.C. § 523(a)(1)(B)(ii). The time the return is filed *is also* when the IRS is put on notice that it has a complete and present cause of action. Because liability for a tax return that is never filed is not dischargeable, the IRS has little incentive to attempt to collect on the debt until after a return is filed. 11 U.S.C. § 523(a)(1)(B)(I). See In re Greenstein, 95 B.R. 583, 585 (Bankr. N.D. Ill. 1989) ("Until that return is filed, the taxing authority cannot be expected to take action to assess or collect the tax.").

Although the debtor argues that, under the three-year rule, the IRS has a complete and present cause of action when the return is actually due, see Tidewater, 498 F.3d. at 255, the fact that

13

the two-year rule and the three-year rule have limitations periods that commence at different moments was specifically addressed by the Supreme Court in Young, which stated:

> And the [three-year] lookback [period] is not distinctly substantive merely because it commences on a date that may precede the date when the IRS discovers its claim. There is nothing unusual about a statute of limitations that commences when the claimant has a complete and present cause of action, whether or not he is aware of it. . . . As for petitioners' reliance on § 523(a)(1)(B)(ii), that section proves, at most, that Congress put different limitations periods on different kinds of tax debts. . . . Even if a tax debt falls outside the terms of the [three-year] lookback period, it is nonetheless nondischargable if it pertains to an untimely return filed within two years before the bankruptcy petition. § 523(a)(1)(B)(ii). These provisions are complementary; they do not suggest that the lookback period is something other than a limitation period.

Young, 535 U.S. at 49.

As indicated by the Court in Young, the two-year rule and the three-year rule are complementary, even if they have different lookback periods. Both serve the same function; namely, they provide the IRS with a window within which it can reasonably expect to collect on the debt or perfect a lien, yet they also preserve a debtor's right to a "fresh start" when those same tax claims go unpursued, whether the debt is for untimely filed returns or tax liability for returns due within the three years preceding a petition. See In re Stoll, 132 B.R. at 785. Because the two-year period commences when the IRS discovers it has a complete and present cause of action, the statutory period found in § 523(a)(1)(B)(ii) satisfies the requirements of Tidewater and is subject to equitable tolling.

**II. Changes Under BAPCPA did not Preclude Tolling of § 523(a)(1)(B)(ii).**

Subsequent to the Young decision, Congress, in the context of BAPCPA, added certain language to § 507(a)(8): specifically, a paragraph added on to the end of § 507(a)(8)(G) expressly tolled the running of certain time periods during which "the stay of proceedings was in effect in a prior case under this title . . plus 90 days[,]" which includes the three-year lookback period addressed in Young. See 11 U.S.C. § 507(a)(8)(G). Many courts have recognized that Congress codified the decision in Young through the additional language added to § 507(a)(8) by BAPCPA. See, e.g., Cal. Franchise Tax Bd. v. Jones (In re Jones), 420 B.R. 506, 510 (B.A.P. 9th Cir. 2009), *aff'd on other grounds*, 657 F.3d 921 (9th Cir. 2011); United States v. Montgomery, 475 B.R. 742, 748 (D. Kan. 2012); Kolve v. IRS (In re Kolve), 459 B.R. 376, 378 (Bankr. W.D. Wis. 2011).

The debtor argues that the plain language of § 523(a)(1)(B)(ii) does not contain any tolling language, that a plain language analysis of the statute should control and that when Congress codified the holding in Young, it intentionally did not extend the same tolling provisions to § 523(a)(1)(B)(ii) and, therefore, equitable tolling should not be applied to this section either. This court disagrees. If anything, the codification of the decision in Young shows that Congress approves of the tolling of the such time periods to enable the IRS to collect on its debts. Therefore, the presence of the express tolling language of the three-year rule in § 507(a)(8)(G) "supplements rather than displaces principles of equitable tolling." Young, 535 U.S. at 54.

A taxpayer is given three basic choices when filing a tax return; he can timely file, file a late return, or never file. If he timely files, any liability from the return is entitled to priority and is nondischargeable if the return was due within the three years preceding a bankruptcy petition. 11 U.S.C. §§ 523(a)(1)(A), 507(a)(8)(A)(i). Whether this three-year period is tolled during the

15

pendency of a bankruptcy proceeding was definitively answered by the Supreme Court in Young. Young, 535 U.S. at 54.  If a debtor *never* files a tax return, the tax liability is nondischargeable. 11 U.S.C. § 523(a)(1)(B)(i).  Therefore, it would be an anomaly if the middle ground allowed taxpayers to avoid their tax liability by filing an untimely return and then shielding their assets in bankruptcy until the two-year period has expired.  Tolling of the two-year period in § 523(a)(1)(B)(ii) would further the principles adopted by Congress under BAPCPA.

Accordingly, this Court agrees with the IRS that the traditional principles of equitable tolling should be applied to the two-year lookback period of § 523(a)(1)(B)(ii).  To hold otherwise would allow a taxpayer to discharge liability from an untimely tax return by invoking the protection of the Bankruptcy Courts until the two-year lookback period had expired.  For the same reasons identified in Young, equitable tolling of the two-year lookback period found in § 523(a)(1)(B)(ii) is appropriate during those periods of a bankruptcy proceeding in which the IRS is prevented by the automatic stay from collecting on the debt.

In this proceeding, the two-year lookback period of § 523(a)(1)(B)(ii) was tolled during the pendency of the debtor's bankruptcy petitions, when the IRS was prevented from collecting on the tax debt.  Therefore, the debtor's liability for the Tax Years, resulting from his untimely returns filed in August of 2004, was not extinguished by the discharge order the debtor received from this court on July 11, 2011.

**SO ORDERED**.

**END OF DOCUMENT**