IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-118-D

TODD PERRY PUTNAM,                )
                                  )
              Appellant,          )
                                  )
        v.                        )        **ORDER**
                                  )
INTERNAL REVENUE SERVICE,         )
                                  )
              Appellee.           )

Todd Perry Putnam ("Putnam") appeals from the United States Bankruptcy Court for the Eastern District of North Carolina and contends that the bankruptcy court erred in granting summary judgment to the Internal Revenue Service. Essentially, the bankruptcy court held that the two-year lookback period in 11 U.S.C. § 523(a)(1)(B)(ii) should be equitably tolled during Putnam's previous bankruptcies and that Putnam's federal income tax liabilities for taxable years 1998 through 2001 are nondischargeable due to section 523(a)(1)(B)(ii). See [D.E. 3-4] (order of January 14, 2014)

The bankruptcy court possessed the constitutional authority to enter a final judgment, and this court has jurisdiction over this appeal. See, e.g., Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172–75 (2014); Stern v. Marshall, 131 S. Ct. 2594, 2608–19 (2011); 28 U.S.C. § 158(a). This court reviews a bankruptcy court's conclusions of law de novo and reviews its findings of fact for clear error. See, e.g., Sartin v. Macik, 535 F.3d 284, 287 (4th Cir. 2008); In re White, 487 F.3d 199, 204 (4th Cir. 2007). Likewise, the court reviews de novo an order granting a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. See, e.g., Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 326–26 (1986); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The court has reviewed the bankruptcy court order, the record on appeal, and the briefs. The court agrees with the bankruptcy court's thorough analysis and conclusions. As for Putnam's argument that the factual record concerning equitable tolling is insufficient to warrant summary judgment, Putnam first made this argument in his reply brief on appeal. See Reply Br. [D.E. 13] 4–5 The argument comes too late and is waived. See Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999); Cavallo v. Star Enter., 100 F.3d 1150, 1152 n.2 (4th Cir. 1996).

In sum, the judgment of the bankruptcy court is AFFIRMED.

SO ORDERED. This **24** day of September 2014.

JAMES C. DEVER III
Chief United States District Judge